IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:12-CR-19-D
No. 2:14-CV-26-D

| | |
|---|---|
| DWIGHT LAMAR JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 27, 2014, Dwight Lamar Jones ("Jones") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 282-month sentence [D.E. 68]. On August 5, 2014, the United States ("government") moved to dismiss Jones's section 2255 motion [D.E. 73]. On August 18, 2014, Jones responded in opposition [D.E. 76]. As explained below, the court grants the government's motion to dismiss and dismisses Jones's section 2255 motion.

I.

On August 29, 2012, a federal grand jury in the Eastern District of North Carolina indicted Jones [D.E. 1]. The grand jury charged Jones with conspiracy to distribute and to possess with the intent to distribute 5 kilograms or more of cocaine and 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one) and possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (count two). See [D.E. 1] 1–2. On November 13, 2012, Jones pleaded guilty, pursuant to a written plea agreement, to count one. Plea Ag. [D.E. 36]; see Arraignment Tr. [D.E. 60] 26–29. On May 16, 2013, the court held a sentencing hearing and calculated Jones's advisory guideline range to be 235 to 293 months. See Sentencing Tr. [D.E. 61] 5. The government did not file a substantial assistance motion under U.S.S.G. § 5K1.1.

See id. 6. After considering the entire record and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Jones to 282 months' imprisonment. See id. 18–25. Pursuant to the plea agreement, the court dismissed count two. See id. 23.

Jones appealed his sentence, arguing that the court miscalculated his criminal history category and that his sentence was substantively unreasonable. On November 19, 2013, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Jones's plea agreement and dismissed the appeal. [D.E. 64]; see Plea Ag. ¶ 2(c).

On May 27, 2014, Jones filed a section 2255 motion [D.E. 68] and a supporting memoranda [D.E. 68-1]. Jones asserts that (1) counsel was constitutionally ineffective at sentencing regarding Jones's unprotected admissions about drug weight that he made shortly after his arrest but before he signed a plea agreement and how that drug weight impacted Jones's advisory guideline range; (2) that counsel was constitutionally ineffective at sentencing by failing to object to the government's alleged breach of the plea agreement concerning Jones's unprotected admissions about drug weight that he made shortly after his arrest but before he signed a plea agreement; (3) that counsel was constitutionally ineffective at sentencing by failing to object that Jones's criminal history score overrepresented Jones's actual criminal history; and, (4) that counsel was constitutionally ineffective by failing to advise Jones, prior to his plea agreement, that his unprotected admissions would be considered relevant conduct. See [D.E. 68] 5–9.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord

2

Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993).

As for Jones's argument that his criminal history category was overrepresented, Jones raised this issue on direct appeal, see Brief of Appellant, United States v. Jones, No. 13-4278 (4th Cir. Aug. 9 2013), 2013 WL 4038053, at *12–15, and the Fourth Circuit rejected it. See [D.E. 64]. Absent any change in law, Jones cannot use section 2255 to recharacterize and relitigate a claim that the Fourth Circuit properly rejected on direct appeal. See, e.g., United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013); United States v. Linder, 552 F.3d 391, 396–97 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, the claim fails.

Jones also contends that the government breached the plea agreement by permitting the court at sentencing to use Jones's unprotected admissions that he made shortly after his arrest but before he signed a plea agreement concerning his drug dealing. Jones, however, failed to raise this alleged prosecutorial misconduct claim on direct appeal. Thus, the general rule of procedural default bars Jones from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S.

3

500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). The same principle dooms his claim concerning relevant conduct. Furthermore, Jones has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir.1999). Thus, these claims fail.

Alternatively, Jones's claims fail on the merits. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotation omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel applies at all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385–86 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill v. Lockhart, 474 U.S. 52, 57–58 (1985); Bell v.

4

Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was "objectively unreasonable," a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. In order to show prejudice, a defendant must show a "reasonable probability" that, but for counsel's deficiency, "the result of the proceeding would have been different." Id. at 694.

To the extent that Jones's claims of ineffective assistance of counsel concern counsel's failure to object to the court's use of the admissions that Jones made shortly after his arrest but before he signed a plea agreement, Jones has not plausibly alleged deficient performance. In paragraph 4(f) of the plea agreement, the United States agreed:

> Pursuant to U.S.S.G. §1B1.8, that self-incriminating information provided by the Defendant pursuant to this Agreement shall not be used against the Defendant in determining the applicable advisory Guideline range, except as provided by § 1B1.8 and except as stated in this Agreement. The United States will not, however, withhold from the United States Probation Office any evidence concerning relevant conduct.

Plea. Ag. ¶ 4(f) (emphasis added). Jones's post-arrest, pre-agreement admissions are not covered by U.S.S.G. § 1B1.8 because, by definition, he did not provide that self-incriminating information pursuant to the plea agreement.[1] See U.S.S.G. § 1B1.8(b)(1); United States v. Toledo, 561 F. App'x

---

[1] U.S.S.G. § 1B1.8 states:

(a) Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

5

653, 654 (9th Cir. 2014) (per curiam) (unpublished); United States v. Holden, 426 F. App'x 163, 165 (4th Cir. 2011) (per curiam) (unpublished); United States v. Thomas, 347 F. App'x 771, 772–73 (3d Cir. 2009) (unpublished); United States v. Maxie, 89 F. App'x 180, 184 (10th Cir. 2004) (unpublished). The government did not violate paragraph 4(f) of the plea agreement; therefore, defense counsel's failure to object did not constitute deficient performance. Thus, the claims fail because Jones has not shown counsel's representation to be "objectively unreasonable." See, e.g., United States v. Person, 299 F. App'x 283, 284 (4th Cir. 2008) (per curiam) (unpublished); United States v. Lyons, 205 F. App'x 120, 122–25 (4th Cir. 2006) (per curiam) (unpublished).

In addition, Jones has not plausibly alleged prejudice. See, e.g., United States v. Duran-Santibanez, 464 F. App'x 122, 123 (4th Cir. 2012) (per curiam) (unpublished); Lyons, 205 F. App'x 124 n.5. Simply put, the court did not rely on Jones's protected statements to calculate his drug weight or impose his sentence. See Sentencing Tr. 17–25. Thus, Jones's argument that counsel was ineffective in failing to object fails.

Finally, Jones argues that his trial counsel performed ineffectively by failing to resolve the relevant conduct that the government believed applied to Jones before Jones pleaded guilty. Jones

---

(b) The provisions of subsection (a) shall not be applied to restrict the use of information:
    (1) known to the government prior to entering into the cooperation agreement;
    (2) concerning the existence of prior convictions and sentences in determining § 4A1.1 (Criminal History Category) and § 4B1.1 (Career Offender);
    (3) in a prosecution for perjury or giving a false statement;
    (4) in the event there is a breach of the cooperation agreement by the defendant; or
    (5) in determining whether, or to what extent, a downward departure from the guidelines is warranted pursuant to a government motion under § 5K1.1 (Substantial Assistance to Authorities).

U.S.S.G. § 1B1.8.

also quibbles about whether his criminal history score overstated his actual criminal history. With respect to each argument, Jones has not plausibly alleged prejudice. Notably, during Jones's arraignment, Jones acknowledged under oath that the court had not yet calculated his advisory guideline range, that any estimate from any source about his advisory guideline range was not binding on the court, and that the court could sentence Jones to the statutory maximum of life imprisonment. See Arraignment Tr. 18–25. Jones then pleaded guilty. See id. 26. The court may rely on these sworn admissions to defeat any alleged prejudice. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Moreover, even if the government and Jones would have reached a stipulation about relevant conduct or his criminal history, the stipulation would not have been binding on the court. See Fed. R. Crim. P. 11(C)(1)(B); Plea Ag. ¶ 5. Accordingly, this rationale independently defeats any alleged prejudice.

After reviewing the claims presented in Jones's section 2255 motion, reasonable jurists would not find the court's treatment of any of Jones's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 73] and DISMISSES Jones's section 2255 motion [D.E. 68]. The court DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 17 day of November 2014.

JAMES C. DEVER III
Chief United States District Judge