IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:12-CR-19-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| DWIGHT LAMAR JONES, | ) |
| | ) |
| Defendant. | ) |

On May 12, 2020, Dwight Lamar Jones ("Jones") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed a memorandum and documents in support [D.E. 133, 136, 139, 140, 145, 162, 163]. On November 25, 2020, the United States responded in opposition and filed a memorandum and record in support [D.E. 158, 159, 161]. As explained below, the court denies Jones's motion.[1]

I.

On November 13, 2012, pursuant to a written plea agreement, Jones pleaded guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 28 grams or more of cocaine base (crack). See [D.E. 31, 36]. On March 19, 2013, the court held Jones's sentencing hearing. See [D.E. 50, 61]. At the hearing, the court adopted the facts set forth

---

[1] Jones also moves under 28 U.S.C. § 2244 for an order authorizing the court to consider Jones's compassionate release motion [D.E. 149]. Jones's motion for compassionate release is made pursuant to the First Step Act and is not a second or successive petition under 28 U.S.C. § 2255. See [D.E. 133] 1; 18 U.S.C. § 3582(c)(1)(A); cf. 28 U.S.C. § 2244. Accordingly, the court dismisses Jones's section 2244 motion.

in the Presentence Investigation Report ("PSR"). See [D.E. 61] 5; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Jones's total offense level to be 33, his criminal history category to be VI, and his advisory guideline range to be 235 to 293 months' imprisonment. See [D.E. 61] 5–6. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Jones to 282 months' imprisonment. See id. 18–25. Jones appealed. On November 19, 2013, the United States Court of Appeals for the Fourth Circuit dismissed Jones's appeal. See [D.E. 64].

On February 9, 2016, Jones moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 92]. The court calculated Jones's new advisory guideline range to be 188 to 235 months' imprisonment based on a total offense level of 31 and a criminal history category VI. See [D.E. 109] 1. Jones requested a 226-month sentence. See id. On July 18, 2018, the court exercised its discretion and denied Jones's motion. See [D.E. 109]. Jones appealed. On December 13, 2018, the Fourth Circuit affirmed this court's order. See United States v. Jones, 744 F. App'x 846, 846 (4th Cir. 2018) (per curiam) (unpublished).

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is

2

not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[2] Application note 2 states

---

[2] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii) The defendant is—

            (I) suffering from a serious physical or medical condition,

            (II) suffering from a serious functional or cognitive impairment,

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

---

       or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

As for Jones's request for compassionate release, Jones contends that he has exhausted his administrative remedies. See [D.E. 145] 3; [D.E. 145-2]. On April 20, 2020, Jones submitted a request for compassionate release to the BOP. See [D.E. 145] 3. That same day, BOP responded and denied Jones's request. See id.; [D.E. 145-2]. The government has not invoked section 3582's exhaustion requirement. See [D.E. 158]; cf. United States v. Alam, 960 F.3d 831, 833–36 (6th Cir. 2020). Accordingly, the court addresses Jones's claim on the merits.

Jones seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Jones cites the COVID-19 pandemic and his family history of heart and lung conditions. See [D.E. 133] 2–4, 7–8. Jones also cites the conditions at FCI Ashland, his rehabilitation efforts, and his release plan. See [D.E. 133] 2–3, 7–9; [D.E. 145] 3, 6–7; [D.E. 145-1].

5

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Jones claims that he has a family history of heart and lung conditions which makes him vulnerable to COVID-19, he has not been diagnosed with a heart or lung condition. See [D.E. 159]. Accordingly, reducing Jones's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Jones's family history of heart and lung conditions, the conditions at FCI Ashland, his rehabilitation efforts, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Jones's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Jones is 46 years old and engaged in very serious criminal behavior in between 1991 and February 1, 2012. See PSR ¶¶ 10–15. For over a decade, Jones trafficked large quantities of cocaine from his source of supply in New York to Perquimans County, North Carolina for distribution. See id. Ultimately, Jones was accountable for the possession and distribution of 119.08 kilograms of cocaine. See id. ¶ 14. Jones also is a violent recidivist with convictions for attempted criminal possession of a controlled substance, disorderly conduct fighting/violent behavior, criminal possession of a controlled substance, import controlled and dangerous substances into state, and numerous driving offenses. See id. ¶¶ 19–33. Moreover, Jones has performed poorly on

6

supervision. See id. ¶¶ 20, 24. Nonetheless, Jones has taken some positive steps while incarcerated on his federal sentence. See [D.E. 133] 8–9; [D.E. 145] 3; [D.E. 145-1]. The court also has considered Jones's exposure to COVID-19, his family history of heart and lung conditions, the conditions at FCI Ashland, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Jones's arguments, the government's persuasive response, and the need to punish Jones for his serious criminal behavior, to incapacitate Jones, to promote respect for the law, to deter others, and to protect society, the court declines to grant Jones's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

As for Jones's request for home confinement, Jones seeks relief under the CARES Act. See [D.E. 145] 1, 4, 8–9. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court dismisses Jones's request for home confinement.

II.

In sum, the court DENIES Jones's motion for compassionate release [D.E. 133], and DISMISSES Jones's request for home confinement. The court also DISMISSES Jones's section 2244 motion [D.E. 149].

7

SO ORDERED. This 16 day of February 2021.

                                                                 /s/ Dever
                                                            JAMES C. DEVER III
                                                            United States District Judge